[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
As to plaintiff's motion to reopen and modify support, alimony, custody and visitation dated June 30, 1994, the parties proceeded only on the issue of support and alimony modification.
From the evidence presented, the court finds that on September 9, 1993, when the decree dissolving the marriage was granted, defendant had, according to his financial affidavit dated July 20, 1993, a gross weekly income of $911 and a net weekly income of $680; and that his existing debts totalled $57,936. At said time the plaintiff had, according to her financial affidavit dated April 13, 1993, a gross weekly income of $272.89 with a net weekly income of $212.35, and that she did not have substantial debts.
Presently, defendant's gross weekly income is $1,113.78 and his net weekly income is $861.78. Defendant's debts have been significantly reduced. The plaintiff has a gross weekly income of $412, and her net weekly income, without including her support and alimony payments, is approximately $273.66 per week. She also has significant debts totalling $23,755.
As to plaintiff's motion for contempt dated February 14, 1995, claiming that plaintiff failed to make his support payments and the contempt citation dated June 30, 1994, claiming defendant failed to provide medical and dental insurance, the court finds:
That the defendant is $410 in arrears as of May 12, 1995; that the defendant failed to provide medical and dental insurance CT Page 6215 coverage for the minor child; that the plaintiff paid through May 12, 1995 the sum of $2,911.60 for such coverage; and that the defendant failed to pay one half of the unreimbursed medical bills of $240.
The court finds that there has been a substantial change in the financial circumstances of the parties. After considering the factors in Connecticut General Statutes §§ 46b-82, 46b-84, 46b-86
and 46b-215, the following orders are entered:
(1) The defendant is to pay the plaintiff $100 per week alimony, retroactive to June 30, 1994, for the balance of the nonmodifiable term of three (3) years.
(2) The defendant is to pay the plaintiff as support for their minor child the sum of $180 per week, which is substantially in accordance with the state of Connecticut guidelines. Said child support shall be retroactive to June 30, 1994.
(3) The support and alimony payments shall be secured by an immediate wage execution.
(4) The defendant is to pay to the plaintiff the sum of $2,911.60 on or before October 1, 1995, and shall continue to pay the plaintiff the sum of $145.58 per month, retroactive to May 12, 1995, until defendant obtains usual and customary medical and dental coverage for the minor child.
(5) The defendant is to pay the plaintiff the sum of $120, his share of the unreimbursed medical, on or before August 1, 1995.
(6) The defendant is to pay the plaintiff the sum of $500 as attorney's fees, said fees to be paid on or before September 1, 1995.
(7) The arrearage in alimony and support through June 30, 1995, by virtue of these orders, will be $3,900. The defendant shall pay said sum to the plaintiff $50 per week.
Paul M. Vasington State Trial Referee CT Page 6216